[Civ. No. 3838.  First Appellate District, Division One.—September 7, 1921.]

## MEYER CLARK, Respondent, v. J. HOLMES WADE, Appellant.

[1] PERSONAL SERVICES—CROSS-COMPLAINT FOR RENT—FINDINGS—EVIDENCE.—In this action for the recovery of an alleged indebtedness for personal services wherein the defendant filed a cross-complaint for an alleged indebtedness for rent, the findings as to the existence of an agreement to pay for such services and the finding as to the nonliability for rent by reason of fire and failure to repair within the period provided in the lease are supported by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hutchinson, Van Fleet & Christin and Knight, Boland, Hutchinson & Christin for Appellant.

John Francis Neylan for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor in an action brought by him to recover the sum of $613.35, which he alleges to be due for services rendered by him to the defendant in connection with the preservation, protection, and improvement of certain personal property of the defendant situate in the basement of certain premises known as 924 Market Street, in the city and county of San Francisco. The defendant filed an answer, denying the existence of any such agreement or indebtedness, and also filed a cross-complaint alleging that the plaintiff was indebted to him in the sum of $1,750 as rent for the premises above referred to and which he avers the plaintiff entered into the possession of as the assignee of a certain lease carrying a monthly rental of $250, and remained in possession thereof as such assignee of the lessee from the twenty-third day of September, 1917, to the twenty-third day of July, 1918, during which time he failed to pay such stipulated rental.

Upon the trial and submission of the cause the trial court found that the defendant was indebted to the plaintiff in the sum of $393.55 for the performance of the above-mentioned services and for certain expenditures made by him under an agreement with the defendant that he should be paid for such services the reasonable value thereof, and also for his said expenditures in connection therewith. The court also found that the plaintiff had been a tenant under the defendant of the said premises prior to and on the twenty-second day of December, 1917, but that on said day the premises became uninhabitable by reason of a fire; that the defendant under the terms of the lease between the parties was bound to put said premises in a habitable condition if it were possible so to do within a period of sixty days after such fire, and that by reason of his failure so to do the plaintiff had been released of any further obligation to pay rent therefor under the terms of said lease.

The court thus found against the defendant upon his cross-complaint, and so finding ordered judgment in favor of the plaintiff for the sum of $393.55, together with his costs.

[1] The defendant has appealed from such judgment, urging several errors of the trial court as grounds for the reversal thereof. The first of these is that the evidence is insufficient to justify the finding of the trial court as to the existence of an agreement to pay plaintiff for the work, labor, and services which he was found to have rendered. In making this contention the appellant urges that the trial court held that the contract between the parties was in writing, in which the work to be done by the plaintiff was limited to certain specified services. It is true that there was at the beginning some sort of writing between the parties which contained this clause: "You are hereby authorized to have all sawdust and other refuse in basement at number 924 Market Street removed at our expense. Labor bills incurred in removing water in alleys will be paid by us." It is also true that during the trial of the cause the court limited the evidence as to the services performed by the plaintiff, and also the expenditures made by him, within the range of this writing; but conceding this, it is apparent that this writing is elastic enough to cover all of the kinds of services which the plaintiff did render and for which he presented an itemized account, and also to cover the expenditures made by him. In addition to this the evidence shows that the defendant frequently saw the plaintiff at work upon the premises and the sort of work that he was doing, and that he was making the expenditures in question through the hiring of others to assist him in his work; and that the defendant urged him to keep working and keep his men working, and that he would see that he was paid a fair daily wage. We think these proven facts were such as to amply justify the findings of the court as to what the agreement was between the parties, and what sum was due the plaintiff thereunder.

Upon the other phase of the case presented by the defendant's cross-complaint, we think the evidence also upholds the findings and conclusions of the trial court to the effect that there was a lease between the parties; that the premises covered by the lease were so badly damaged by fire on December 22, 1917, as to become uninhabitable; that the defendant did not put said premises in a habitable condition within sixty days after said fire as under the terms of the lease he was bound to do in order to hold the lessee. It

is true that the court does not expressly find that it was possible so to do; but this omission from the finding we think would be cured by the court's express finding that the plaintiff was released from liability under the lease by the defendant's failure within sixty days to repair the premises. There is sufficient evidence in the case to have justified a more express finding by the court in that regard.

The appellant's contention that the proof showed that the plaintiff had remained in possession of the premises in the capacity of a tenant after the fire and until notice to quit served upon him in July, 1918, and that during said time he had refused defendant access to the premises for the purpose of making necessary repairs, is not borne out by the evidence in the case, since it sufficiently appears that the plaintiff's presence upon the premises after the fire was in the capacity of a workman engaged in preserving the property and not as a tenant; and that while he kept the premises locked for the purposes of protection during times that he was away, he did not refuse the defendant access thereto for any and all purposes when he was there.

Finding, therefore, no error in the record, the judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 3, 1921.

All the Justices concurred, except Shaw, J., who was absent.